UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD CHANEY, | CASE NO. 1:14-cv-00369-MJS |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 1) |
| JEFFREY A. BEARD, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

## SCREENING ORDER

**I.   PROCEDURAL HISTORY**

Plaintiff Clifford Chaney ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2014. (ECF No. 1.) His complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

1

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  SUMMARY OF COMPLAINT

The incidents at issue in Plaintiff's Complaint occurred at California State Prison-Corcoran ("CSP-COR").  Plaintiff names the following individuals as Defendants: (1) Jeffrey A. Beard, Secretary of the Department of Corrections and Rehabilitation ("CDCR"), (2) C. Gipson, warden of CSP-COR (or whomever is currently in this position), (3), J. Obaiza, health maintenance officer at CSP-COR (or whomever is currently in this position), (4) Edgar Clark, chief medical officer at CSP-COR (or whomever is currently in this position), (5) T. Macias, chief executive officer of health care services at CSP-COR (or whomever is currently in this position), (6) Wayne A. Ulit, physician at CSP-COR, (7) Ravijot Gill Do, physician at CSP-COR, and (8) S. Johnson, AA/PIO and associate warden of health care services at CSP-COR (or whomever is currently in this position).

Plaintiff alleges the following:

On April 23, 2011, Plaintiff visited a medical clinic at CSP-COR because he experienced breathing problems. (Compl. at 5.) He was not provided medical care. (Id.) The nurse who saw him did not take Plaintiff's vital signs. (Id.) The nurse simply advised him to use caution when exercising and had him complete a medical request form. (Id.)

Plaintiff returned to the medical clinic the following day. (Compl. at 6.) He was hospitalized and diagnosed with pulmonary coccidiomycosis, commonly known as "valley fever". (Id. at 7.)

Plaintiff complains that the staff members at CSO-COR failed to take any precautions to prevent Plaintiff from contracting valley fever. (Compl. at 6.)

Plaintiff continues to have residual difficulties from valley fever. (Compl. at 9.) Defendants Ulit, Clark, and Do have refused to treat the symptoms. (Id.)

Plaintiff asks for $50,000 in compensatory damages from each Defendant and $500,000 in punitive damages from each Defendant.

## IV. ANALYSIS

### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Eighth Amendment – Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a

conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

The Courts of this district have repeatedly found that confinement in a location where Valley Fever[1] is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g., Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

One cannot state an Eighth Amendment claim based solely upon mere exposure to, or contraction of, Valley Fever. There are some circumstances however where exposure to Valley Fever could conceivably give rise to an Eighth Amendment claim.

---

[1] Valley Fever, also known as coccidioidomycosis, is "'an infectious disease caused by inhalation of a fungus (Coccidioides) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection.'" Plata v. Brown, 2013 WL 3200587, *2 (N.D. Cal. June 24, 2013).

4

Smith v. Schwarzenegger, 393 F. App'x. 518 (9th Cir. 2010) (citing Helling, the Court held that it was not inconceivable that the Plaintiff could allege a cognizable claim based on Valley Fever exposure).  Courts have deemed the first prong of an Eighth Amendment claim satisfied where the plaintiff has identified a factor responsible for either increasing the risk of contraction or the severity of infection.  See, e.g., Stevens v. Yates, 2012 WL 2520464, *3 (E.D. Cal. June 28, 2012) (nearby construction disturbed soil); Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race); see also Plata v. Brown, 2013 WL 3200587, *7 n. 10, *14 (N.D. Cal. June 24, 2013) (finding that the following groups are at an increased risk of harm from Valley Fever infection and should therefore be excluded from Pleasant Valley State Prison and Avenal State Prison: inmates designated as medically high-risk; "'[p]atients with impaired cellular immunity, such as those with solid organ transplants, those with HIV infection, and those with chronic obstructive pulmonary disease, chronic renal failure, congestive heart failure, diabetes; patients receiving TNF inhibitors (medications used in the treatment of arthritis); Filipino and African-American men; and pregnant women in the 2nd or 3rd trimester.'").

Plaintiff alleges that he is an African American male and is therefore at an increased risk of harm from Valley Fever.  This is sufficient to satisfy the first element of Plaintiff's Eighth Amendment claim.  Plata, 2013 WL 3200587, *7 n. 10, *14; Thurston, 2008 WL 2129767, *2.  However, the Complaint fails to establish how any of the named Defendants knowingly exhibited deliberate indifference to Plaintiff's risk of harm.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511

5

U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff does not allege facts demonstrating that a Defendant was aware of the increased risk to African Americans and hence to hem and that Plaintiff was housed at Corcoran despite the risk. The Complaint concludes the Defendants knew of the specific risk to Plaintiff, but it sets forth no facts to support that conclusion or to show the basis for Plaintiff's belief each Defendant was actually aware. Accordingly, Plaintiff has failed to state a claim. The Court will grant leave to amend. Should Plaintiff choose to amend he must allege specific facts demonstrating that a Defendant was actually aware of Plaintiff's risk and failed to act.

### C.  **Eighth Amendment – Inadequate Medical Care**

Plaintiff alleges that Defendants Ulit, Clark, and Do provided him with inadequate medical care due to their failure to properly treat the residual medical problems he suffers from due to his valley fever infection.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference. To show deliberate indifference, Plaintiff must show "a purposeful act or

failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Plaintiff has failed to allege an Eighth Amendment medical care claim. Although valley fever can be a serious condition, it is not always. Plaintiff does not describe what serious medical symptoms he suffered. Even if he had serious medical problems from the condition, he does not describe what should have been, but was not, done to treat it, or how any Defendant was aware of that need and reacted with deliberate indifference to it. Plaintiff will be given the opportunity to amend this claim. In his amended complaint he should include details about the medical problems he had after he contracted valley fever, how he sought treatment, how Defendants responded to his requests for treatment, and how they exhibited deliberate indifference to him and his condition.

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint

no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed March 17, 2014;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   June 27, 2014                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE